**SO ORDERED.**

**SIGNED this 24th day of November, 2010.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**
_____

# United States Bankruptcy Court
Western District of Texas
San Antonio Division

| | |
|---|---|
| In re<br><br>J & J Fritz Media, Ltd.<br><br>*Debtor* | Bankr. Case No.<br><br>10-51002-C<br><br>Chapter 11 |

### Memorandum Decision and Order on Motion for Order Confirming Termination of Automatic Stay

Came on for consideration the foregoing matter. Simmons Media Ventures, LLC seeks an order confirming termination of the automatic stay in this case. The debtor, of course, opposes that relief.

### Background

This case was commenced on March 16, 2010. It is a small business chapter 11 case. *See* 11 U.S.C. § 101(51D). Simmons Media is the estate's largest creditor, and is secured by inventory, accounts, equipment, goods, general intangibles, financial obligations and intellectual property. The collateral package covers virtually everything the debtor requires in order to operate its radio stations (most of which are small

stations in Fredericksburg and the surrounding area). However, the collateral does not include the debtor's radio licenses. The loan was acquired from another lender, and was renewed and extended in April 2009. The indebtedness stood at $739,768.49 as of the petition date.

Simmons sought relief from the stay by motion dated July 28, 2010. The parties reached an agreement, memorialized as an agreed order entered by the court on August 23, 2010. The agreed order included the following language, relevant to the current motion:

> ... by September 30, 2010, Debtor will file a proposed disclosure statement and plan of reorganization (the "Plan") that has a reasonable possibility of being confirmed within a reasonable time and failure to timely file the Plan will result in the automatic stay under 11 U.S.C. § 362 immediately lifting as to Simmons for all purposes, and a determination by the Court that the Plan does not have a reasonable possibility of being confirmed within a reasonable time will result in the automatic stay under 11 U.S.C. § 362 immediately lifting as to Simmons for al purposes ...

Order [#40], at 3 (August 23, 2010). In the current motion, Simmons argues that this paragraph contains carefully selected terminology, designed to be make it easy for the court to later enforce the provision. The terminology "reasonable possibility of being confirmed within a reasonable time" was taken from the Supreme Court's decision in *United Savings Association of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365 (1988). The terminology is expressly echoed in section 362(d)(3), where it applies to single asset real estate cases. Although this case is not a single asset real estate, the parties agreed to use that terminology, thereby incorporating by reference that standard for purposes of this case.

In this motion, Simmons argues that the above paragraph has been triggered. The debtor filed a chapter 11 small business plan, on September 30, 2010, just barely

within the exclusivity period (as extended by order of the court). On October 4, 2010, the debtor filed a motion to extend exclusivity period for filing a chapter 11 plan and disclosure statement, but did not seek expedited consideration of that motion. Because the motion lacked a negative notice language, it is presumably subject to being set in due course. The debtor did ask for (and obtained) an expedited hearing on its disclosure statement. At the expedited hearing, the court concluded that the disclosure statement should not be approved, though it stated that the ruling was "without prejudice to a refiling of an amended disclosure statement."

A review of the court's internal docket confirms that no order was uploaded on the motion to extend exclusivity. As a result, the motion was literally "invisible" to the court, because all motions in the court's electronic case filing system are routed to the court for its review by means of the order that is to be uploaded with the motion. Thus, if an attorney fails to upload an order using the electronic case filing system, the motion will never be seen by the court.[1]

---

[1] It may not be immediately obvious to the casual observer, but each bankruptcy judge in this district has pending before him at any given time in excess of 3,000 cases. Without a device to alert the court that a given motion has been filed and requires attention, the court would have to review all 3,000 case dockets every day to see if any new motions had been filed -- an obviously ridiculous way to manage a docket. The device selected by the bankruptcy court for the Western District of Texas is simple: newly filed motions are accompanied by an uploaded proposed form of order. These orders are then routed to the courtroom deputy for re-routing, depending on a few simple criteria. Matters containing so-called "negative notice" are routed to an electronic "suspense box," where they are screened for notice and appropriateness for negative notice handling, then suspended for the requisite period to await any objections. Matters requiring a hearing are re-routed to a docket clerk for setting (including generating an electronic hearing notice via the Bankruptcy Noticing Center). When matters requiring a hearing are heard, the proposed order (or agreed order) is then re-routed to the judge for signing. Certain matters can be addressed directly by the court, and are re-routed to the judge for immediate consideration without the need for further hearing. Some matters are treated as expedited matters (including all motions for expedited relief) and are brought to the judge's direct attention by the courtroom deputy. If the court determines that expedited relief is appropriate, the electronic order is then re-routed to the judge for immediate entry. As can be seen from this brief review, a motion for which no order is uploaded is rather like a tree falling in the forest when no one is around to hear it. What is more, appending a form of order as an exhibit to the motion will not satisfy the order upload requirement because the exhibit cannot be independently manipulated electronically in the fashion described above. In this case, the motion did indeed have a form of order attached to the motion as an exhibit. No order was uploaded, however.

The court never saw the motion to extend exclusivity until the court reviewed the docket as it considered the current motion by Simmons. Simmons, however, though it was unaware of the debtor's failure to upload a proposed form of order (because only the clerk and the court see this side of the electronic filing system), was aware of the motion -- as well as of the clock ticking on the motion. Simmons waited until 45 days had expired from the date the plan was filed. The 45th day was November 14, 2010 (a Sunday) so that the last day to obtain confirmation of the plan was the next day. Of course, no confirmation occurred as of that date because the debtor had failed to obtain approval of its disclosure statement. On November 18, 2010, Simmons filed this motion and made its pitch that, under the terms of the agreed order on lift stay, the stay must now lift because the debtor could not, as a matter of fact and law, obtain confirmation within a reasonable time.

Simmons rightly relies on sections 1121(e)(3) and 1129(e), a pernicious piece of legislation enacted in 2005 that lays a trap for the unwary. Section 1129(e) says that

> In a small business case, the court shall confirm a plan that complies with the applicable provisions of this title and that is filed in accordance with section 1121 (e) not later than 45 days after the plan is filed unless the time for confirmation is extended in accordance with section 1121(e)(3).

11 U.S.C. § 1129(e). Then section 1121(e)(3) says that

> the time periods specified in paragraphs (1) and (2), and the time fixed in section 1129(e) within which the plan shall be confirmed, may be extended only if --
> **(A)** the debtor, after providing notice to parties in interest (including the United States trustee), demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time;
> **(B)** a new deadline is imposed at the time the extension is granted; and
> **(C)** the order extending time is signed before the existing deadline has expired.

11 U.S.C. § 1121(e)(3). It is little wonder that small business debtors view this new provision as one evincing Congress' hostility toward small business enterprises' use of chapter 11 to reorganize. *See, e.g., In re JMC Outfitters Co.*, 2009 Bankr. LEXIS 1772, at *2 (Bankr. W.D.Tex. May 25, 2009).[2] Nonetheless, even bad law is the law of the land until it is rectified by later enactments or later developments. For now, the task of the court is to enforce the law as written.

It is not known whether this debtor could ever propose a plan that was more likely than not to be confirmable. What *is* known, however, is that this debtor, as a small business debtor, can no longer obtain confirmation of a plan under title 11 as a matter of law because one of the prerequisites to confirmation cannot be met. A small business case must be confirmed within 45 days after the filing of the plan. The debtor did not obtain confirmation within 45 days. The 45 day time limit could be extended, but only by obtaining an *order* extending the deadline prior to the expiration of the 45 day period. The debtor did not obtain such an order, both because the debtor did not upload a form of order that would allow the court to at least see that it had filed its motion for an extension, and because the debtor did not ask for an expedited hearing on its motion. The statute effectively bars the court from extending the time period after the fact. *See* 11 U.S.C. § 1121(e)(3)(C). Thus, the debtor could never confirm a plan in this case. *See* 11 U.S.C. § 1129(e).

The provision of the agreed order is thus triggered. The stay is lifted.

### # # #

---

[2] The court there said: "The debtor, in frustration, wonders aloud, 'If not conceived in ignorance, sections 1121(e) and 1129(e) would appear to be either harebrained or calculated to scuttle the reorganization efforts of the unwary.' Motion, at P 5." *Id.*